849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry Ted AIKEN, Plaintiff-Appellant,
v.
Edward Forbes BLACKBURN; James Thomas Burgess, individually
and in their capacities as police officers with
the Greenville City Police Department,
Defendants-Appellees.
 No. 87-1704.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 7, 1988.
Decided: June 9, 1988.
 
 Stephen John Henry, for appellant.
 Theron Garnett Cochran (Love, Thornton, Arnold & Thomason; John W. Kittredge, Wilkins, Wilkins, Nelson & Kittredge, P.A.; John B. McLeod, Haynsworth, Marion, McKay & Guerard, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Larry Aiken appeals the district court's order directing a verdict for the defendants at the close of trial testimony. Aiken brought this suit against Greenville, South Carolina, police officers Edward Blackburn and James Burgess. Aiken sought damages for unlawful detention, unlawful search, emotional distress, invasion of privacy and defamation. Upon review of the record, we find that several questions of fact remain for the jury to resolve. Accordingly, we reverse the directed verdict and remand for further proceedings.
 
 I.
 
 2
 On June 9, 1986, Aiken and two acquaintances attended a professional wrestling match at the Greenville Memorial Auditorium in Greenville, South Carolina. Unbeknownst to Aiken, Officers Blackburn and Burgess received information that night from a reliable informant that Aiken was at the match and had in his possession a quantity of cocaine. The informant identified Aiken to the officers, who in turn identified themselves to Aiken. The parties differ as to what occurred subsequently.
 
 
 3
 Aiken claims that the officers demanded he follow them to the lobby of the arena. The officers allegedly separated him from his companions and conducted two patdown searches. According to Aiken, the officers then led him into a dressing room and forced him to drop his pants and raise his shirt. When no drugs were discovered, Aiken was released.
 
 
 4
 The officers testified that Aiken consented to their single patdown search. To avoid embarrassing him in the crowded lobby, they led Aiken to a dressing room. There, Aiken became belligerent and without provocation dropped his pants, saying "search me." The officers found no drugs and told Aiken he was free to leave.
 
 
 5
 Aiken filed suit for damages related to the alleged illegal detention and searches. At the conclusion of all the evidence, the district court directed a verdict for the officers. The court below found that assuming a search occurred, it was conducted incident to a lawful arrest, and therefore, did not violate the fourth amendment nor state tort law.
 
 II.
 
 6
 One moving for a directed verdict has a difficult burden of persuasion. The trial court must make all reasonable inferences favorable to the party against whom the motion is made. Richmond Television Corp. v. United States, 354 F.2d 410 (4th Cir.1965); American Cyanamid Co. v. Fields, 204 F.2d 151 (4th Cir.1953). On review, this court must consider the evidence in the light most favorable to the opponent of the motion. Wyatt v. Interstate and Ocean Transport Company, 623 F.2d 888 (4th Cir.1980).
 
 
 7
 The court below found that, assuming as true Aiken's evidence of the strip search and detention, probable cause for Aiken's arrest existed as a matter of law, Aiken was arrested, and therefore, the search was conducted lawfully incident to his arrest. The lower court based its decision on the reasoning in Peters v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). In that case, an off-duty policeman physically detained a fleeing suspect. The officer drew his weapon and grabbed the suspect as he ran down a flight of stairs. The Supreme Court found an arrest occurred regardless of the officer's state of mind because of the obvious curtailment of the suspect's movement. We find the facts of Aiken's detention do not give rise to the conclusion that as a matter of law Aiken was arrested pursuant to Peters. Aiken was not bodily removed from the area; he followed the officers upon their request. The Supreme Court has held it is a question of fact precisely when, if at all, an arrest takes place, Peters at 67, and the jury was improperly denied this issue. Moreover, this court finds that the central factual question in this case, whether a strip search of Aiken occurred at all, is better suited for resolution by the jury. In the decision below, this issue was assumed as fact and the court determined that the seizure of Aiken was a Peters arrest.
 
 
 8
 Based on the factual disputes that remain upon reviewing the evidence in the light most favorable to Aiken, we reverse the order for a directed verdict and remand this case for further proceedings consistent with this opinion.
 
 
 9
 REVERSED AND REMANDED.